Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
Derin B. Dickerson (admitted pro hac vice)
Katie Jo Luningham (pro hac vice application forthcoming)
Telephone:  404-881-7000
Facsimile: 404-253-8169
derin.dickerson@alston.com
katie.jo.luningham@alston.com
bria.stephens@alston.com

SCHERN RICHARDSON FINTER, PLC
Michael A. Schern #022996
Yusra B. Bokhari #029376
1640 S. Stapley Drive, Suite 132
Mesa, Arizona 85204
Email: courtdocs@srflawfirm.com
Tel: (480) 632-1929

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Eileen Carr, Samuel Stanton, Jane Doe I, Jane Doe II, and Jane Doe III, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>Grand Canyon University. Inc., and Grand Canyon Education, Inc. d/b/a Grand Canyon University,<br><br>        Defendants. | No.  2:19-cv-05214-MTL<br><br>**GRAND CANYON UNIVERSITY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

LEGAL02/39308772v2

Grand Canyon University, Inc., and Grand Canyon Education, Inc., d/b/a Grand Canyon University (Defendants or "GCU"), by and through undersigned counsel, hereby submit this Motion to Dismiss Plaintiffs' Complaint.

## INTRODUCTION AND BACKGROUND

Grand Canyon University ("GCU")[1] is a comprehensive, regionally accredited, non-profit university that offers over 200 graduate and undergraduate degree programs both online and at GCU's 260-acre campus in Phoenix, Arizona, which serves an on-campus enrollment of more than 20,000 students.  Grand Canyon Education, Inc. is a services partner that serves colleges and universities around the country.[2]  GCU's doctoral programs are designed to be innovative and to provide students with the skills they need for transformational leadership in their chosen industries, while promoting personal and organizational change through a foundation of Christian values.  Doctoral studies programs are notoriously rigorous, and the average doctoral student in the U.S. spends more than five years working toward a degree. GCU's doctoral programs are no exception.

---

[1]  The Complaint improperly names Grand Canyon University, Inc. as a Defendant.  Grand Canyon Education, Inc. d/b/a Grand Canyon University was the legal entity that provided educational services to Plaintiffs.  During the timeframe of the events alleged in the Complaint, Grand Canyon Education, Inc. d/b/a Grand Canyon University operated as a comprehensive, regionally accredited university. On July 1, 2018, Grand Canyon Education, Inc. sold the educational assets of Grand Canyon University, along with its name, to a standalone, nonprofit organization that simultaneously changed its name to Grand Canyon University. As such, beginning July 1, 2018, Grand Canyon University operates as a standalone, nonprofit comprehensive, regionally accredited university separate and distinct from Grand Canyon Education, Inc.

[2]  For purposes of this motion, Grand Canyon Education, Inc. and Grand Canyon University are collectively referred to as "Defendants."  When referring to Grand Canyon University only, we use the term "GCU."

On September 18, 2019, Plaintiffs Eileen Carr, Samuel Stanton, and Jane Does I, II, and III ("Plaintiffs") filed their Class Action Complaint ("Compl.") alleging breach of contract, fraud, intentional misrepresentation, negligent misrepresentation, and equitable claims arising out of their enrollment in GCU's College of Doctoral Studies. Specifically, Plaintiffs contend that Defendants designed GCU's dissertation program so that students cannot complete the program in 60 credit hours, despite purported representations and contractual obligations to the contrary. (Compl., Dkt. 1, ¶¶ 20, 91). But the premise of Plaintiffs' claims is flawed. Defendants' representations are accurate.

Defendants do not promise that a student will complete a doctoral program within 60 credits; GCU merely provides the opportunity to do so. The time it takes a student to complete a doctoral degree program varies for reasons unique to each student, including the student's dissertation strategy, the student's approach to her chosen topic, and the student's aptitude and academic background. GCU, like any institution of higher education, is not contractually obligated to ensure that students complete their required coursework on a certain timetable. Nonetheless, GCU works diligently to support doctoral students and to promote student achievement.[3]

Plaintiffs' claims are not only based on a flawed premise, but they also fail for legal reasons. *First*, it is improper for the Jane Does to proceed anonymously. Pseudonyms are allowed only in exceptional cases, and this case is not exceptional. *Second*, Plaintiffs cannot—and do not—point to any contractual obligation that Defendants breached.

---

[3] Though not a basis of this motion, GCU loses money on continuation classes.

LEGAL02/39308772v2

Plaintiffs' assertion that there is some contractual obligation to ensure their completion of the program within 60 credit hours is completely inconsistent with the plain terms of the Dissertation Milestone Table.[4]  The Milestone Table demonstrates on its face that GCU offers students the opportunity to earn a doctoral degree in a ***minimum*** of 60 credit hours.  *Third*, Plaintiffs allegations of fraud fail to meet the heightened pleading requirements and fail to allege an actionable misrepresentation.  Plaintiffs' mere dissatisfaction with their own degree progress cannot support their claims.  Because Plaintiffs fail to state a claim, Plaintiffs' Complaint should be dismissed.[5]

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take all well-pleaded facts as true and must construe the reasonable inferences in the light most favorable to the non-moving party.  *Adams v. United States Forest Serv.*, 671 F.3d 1138, 1143 (9th Cir. 2012).  But if the complaint fails to state a legally cognizable claim, it must be dismissed. *Jones v. Bock*, 549 U.S. 199, 215 (2007).  While the law does not require "detailed factual

---

[4]    Plaintiffs seemingly refer to and rely on the Dissertation Milestone Table in Appendix A of the 2018-2019 University Policy Handbook.  They fail to explain how they could have relied on this Milestone Table when completing their Enrollment Applications in 2012 or 2014.  At this stage, the Court must accept the facts of the Complaint as true, but the fact that Plaintiffs enrolled during different years and agreed to different sets of policies forecasts the individualized issues in this case that preclude class certification.

[5]    Defendants' motion to dismiss is directed at the claims asserted by Jane Does I, II and III. Plaintiffs Carr and Stanton are required to submit their claims to arbitration, pursuant to their signed enrollment agreements.  Accordingly, Defendants have contemporaneously filed a Motion to Compel Arbitration as to Plaintiffs Carr and Stanton.  If the Court determines that those Plaintiffs are not required to arbitrate their claims, then their claims should also be dismissed for the reasons stated herein.

allegations . . . a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To determine the sufficiency of alleged claims, a court should first identify and reject any conclusory allegations which, "because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## ARGUMENT AND AUTHORITY

## I. THE UNNAMED PLAINTIFFS CANNOT PURSUE THEIR CLAIMS ANONYMOUSLY.

The claims brought by the Jane Doe plaintiffs must be dismissed because anonymous plaintiffs cannot represent a class in cases such as this one.  Under the Federal Rules of Civil Procedure, a complaint must "name all the parties."  Fed. R. Civ. P. 10(a).  Accordingly, the Ninth Circuit allows plaintiffs to proceed under a pseudonym in unusual cases when the nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment.  *Does 1 thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  Proceeding anonymously may be appropriate when the plaintiff is: (1) challenging governmental activity; (2) required to disclose information of the utmost intimacy; or (3) compelled to admit their intention to engage in illegal conduct.  *Id.* at 1068.

The burden is even higher when an anonymous plaintiff seeks to represent a class.  *See Doe v. NFL Enters.*, No. C 17-00496 WHA, 2017 U.S. Dist. LEXIS 24911, *5–6 (N.D. Cal. Feb. 22, 2017) (requiring class representative to use her real name because class members "have a right to know the identity of their representative" in the litigation).

Each of the Jane Doe plaintiffs has requested to use a pseudonym "for fear of retribution against her and her degree."  (Compl. ¶¶ 4–6).  This is insufficient. The plaintiffs

are not at risk of the type of harm that may warrant relief from the requirements of the Federal Rules. *See Doe v. Bergstrom*, 315 F. App'x. 656, 657–58 (9th Cir. 2009) (holding that embarrassment and difficulty finding employment were insufficient circumstances to allow anonymity). Should plaintiffs wish to remain anonymous, they can do so as putative class members.

## II.   PLAINTIFFS' BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW.

In Count I, Plaintiffs purport to bring a claim against GCU for breach of contract. (Compl. ¶¶ 88–99). To state a claim for breach of contract, however, Plaintiffs must allege (1) the existence of a contract; (2) a breach; and (3) damages. *Snyder v. HSBC Bank, USA, N.A.*, 873 F. Supp. 2d 1139, 1148 (D. Ariz. 2012). Plaintiffs cannot merely state in conclusory fashion that the defendant breached some unidentified contract. Instead, they must specifically allege facts showing that a contract exists and identify the terms of the contract that were allegedly breached. *See Id.*

Plaintiffs do not even attempt to identify the contractual obligations that were allegedly breached here. Plaintiffs rely solely on vague allegations about "GCU's contracts" and "student policies." (Compl. ¶¶ 82). And they assert nebulous claims that GCU "breaches its contracts…by designing its programs in such a way that it is impossible for the student to complete the program in 60 credit hours" and by "fail[ing] to ensure that its dissertation chairs…provide students with prompt and meaningful feedback." (Compl. ¶¶ 91, 94). Yet, these allegations are untethered to any specific contract provisions identified by the Plaintiffs to impose these obligations on GCU. This is not enough. *McKinnon v. Dollar Thrifty Auto. Group*, No. 12-4457 SC, 2013 U.S. Dist. LEXIS 29095, at *20, 21 (N.D. CA Mar. 4, 2013)

(dismissing breach claim where plaintiffs did not "cite, attach, or explain in real detail the contract provisions that Defendants allegedly breached").

In effect, Plaintiffs task the Court with the responsibility to divine what agreement and terms were allegedly breached. The Ninth Circuit has "repeatedly lamented this tendency to place the burden on the reader to sort out the statements and match them with the corresponding adverse facts to solve the puzzle of interpreting Plaintiffs' claims." . *Defazio v. Hollister, Inc.*, No. CIV. S-04-1358, 2008 U.S. Dist. LEXIS 99720, at *14–15, n. 3 (E.D. Cal. Apr. 7, 2008) (citations and internal quotation marks omitted). Accordingly, puzzle pleadings "that require the defendant and the court to match the statements up with the reasons they are false or misleading" should be dismissed. *Teamsters Local 617 Pension & Funds v. Apollo Group, Inc.*, 633 F. Supp. 2d 763, 783–84 (D. Ariz. 2009) (quoting *In re Metro. Secs. Litig.*, 532 F. Supp. 2d 1260, 1279 (E.D. Wash. 2007)). Because Plaintiffs' allegations that GCU breached unidentified provisions of an unidentified contract are insufficient to state a claim, Plaintiffs' breach of contract claim should be dismissed.

To the extent Plaintiffs' claim is based on the University Policy Handbook, which is attached to the Academic Catalog and expressly incorporated into the Plaintiffs' Enrollment Agreements (Compl. ¶ 90), it still must be dismissed. Plaintiffs must include in their complaint "sufficient factual matter, which, if accepted as true, states a claim to relief that is 'plausible on its face.'" *Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d 1168, 1183 (D. Ariz. 2012) (quoting *Iqbal*, 556 U.S. at 678). Plaintiffs have not provided sufficient facts to support a claim that GCU failed to comply with any provision of the Academic Catalog or Policy Handbook.

LEGAL02/39308772v2

First, Plaintiffs allege that GCU "breaches its promise to be the premier provider of online doctoral education." (Compl. ¶¶ 49, 92). GCU's referring to itself as the "premier provider" of online education does not create an express contractual obligation. At most, it is advertising puff, and like in the fraud context, is nonactionable. *See Zowine v. Prussin*, No. CV-14-00892-PHX-GMS, 2016 U.S. Dist. LEXIS 17533, at *18 (D. Ariz. Feb. 12, 2016) (puffery cannot form basis of breach of contract claim); *see also infra* p. 20 (discussing puffery and expressions of opinion which cannot form the basis of an actionable claim). Second, Plaintiffs allege that GCU "fail[s] to ensure dissertation chairs…provide students with prompt and meaningful feedback" and "individualized support." (Compl. ¶¶ 94, 97). Yet Plaintiffs do not allege any facts demonstrating how or when they were denied academic support and feedback from GCU staff. And though they point to the Dissertation Milestone Table attached to the Policy Handbook as proof that "it is ***impossible*** to complete the program within only 60 credit hours," (Compl. ¶ 32), a simple review of the Milestone Table readily dispatches of that claim.

The Milestone Table outlines the academic progress a student must achieve to move through each dissertation review level and earn a degree. Hall Decl. at Tab 3, p. 186. Plaintiffs allege that "a side-by-side examination of the course requirements in the Academic Catalog" and the Milestone Table "reveals that GCU in fact ***requires*** that its Doctor of Business Administration candidates complete, ***at a minimum***, one 'research continuation' course just to reach level four (of eight) of the dissertation review process." (Compl. ¶ 33). Plaintiffs further allege that "to reach dissertation level eight…the student must, ***at a minimum***, have completed ***all five*** of the 'research continuation' courses." *Id.* But that is not at all what the

LEGAL02/39308772v2

Milestone Table reveals.  Plaintiffs misinterpret the "Minimum Progression Point" column to represent the earliest point at which a student can progress through each review level.  To the contrary, the Minimum Progression Point represents the *latest* a student can progress through each level—affording students additional time and guidance to complete their dissertation through research continuation courses.  It is the Optimal Progression Point column that reflects the fastest degree track—a 60-credit track that permits students to earn a degree without the need to enroll in (and consequently, pay for) any research continuation courses.  On its face, the Milestone Table shows that GCU designed a program that ***can*** be completed in 60 credit hours.

Importantly, nowhere in this Milestone Table (or elsewhere) does GCU commit to students that they will earn their degrees within 60 credit hours.  Rather, a student must complete a ***minimum*** of 60 credit hours to earn a degree; but many students will require more.  Though Plaintiffs may be frustrated with their inability to complete the program within the minimum credit hours, their frustration is insufficient to establish a breach of contract claim.  A party cannot recover for breach of a written agreement that does not contain the terms he seeks to enforce.  *See Addvensky v. Dysart Unified Sch. Dist. No. 89*, No. 11-cv-0283, 2011 U.S. Dist. LEXIS 53053, at *16–17 (D. Ariz. May 17, 2011) (dismissing breach claim where plaintiff could not identify contractual term that served as basis for claim).

## III.   PLAINTIFFS' BREACH OF COVENANT OF GOOD FAITH CLAIM FAILS.

Recognizing the weakness of their express breach of contract claim, Plaintiffs shoehorn into Count I a purported claim in the alternative for breach of the duty of good faith and fair dealing. (Compl. ¶¶ 99–102).  To the extent the Court considers this claim at all, it

should also be dismissed.   Every contract imposes an obligation of good faith in its performance or enforcement.  *See Rawlings v. Apodaca*, 151 Ariz. 149, 153 (1986) (applying Restatement (Second) of Contracts § 205 (1981)).  Plaintiffs allege that GCU breached this duty by "failing to offer a reasonable opportunity to complete dissertations during the initial 60-credit hour period."  (Compl. ¶ 101).  If the allegations do not go beyond a mere breach of contract claim and rely on the same alleged facts while seeking damages or other relief already claimed in a companion breach of contract claim, "they may be disregarded as superfluous as no additional claim is actually stated."  *True v. Allstate Ins. Co.*, 160 F. App'x 616, 618 (9th Cir. 2005) (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* 222 Cal. App. 3d 1371, 1395 (Cal. Ct. App. 1990)).  Because Plaintiffs claim for breach of the duty of good faith is duplicative of their breach of contract claim it should be dismissed.  *See True*, 160 F. App'x at 618.

## IV.    PLAINTIFFS' FRAUD-BASED CLAIMS FAIL.

Plaintiffs' claims for violation of the Arizona Consumer Fraud Act, intentional misrepresentation, and negligent misrepresentation fail for multiple independent reasons.  A cause of action under the Arizona Consumer Fraud Act requires a "false promise or misrepresentation made in connection with the sale or advertisement of merchandise and consequent and proximate injury resulting from the false promise."  *Riehle v. Bank of Am., N.A.*, No. CV-13-00251-PHX-NVW, 2013 U.S. Dist. LEXIS 55788, at *7 (D. Ariz. Apr. 17,

2013).  Similarly, intentional misrepresentation, a common law fraud[6] claim, consists of five elements: "(1) false representation by defendant; (2) scienter; (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff."  *American Exp. Travel Related Services Co. v. Marchetti*, 918 F.2d 181 (9th Cir. 1990).

### A.   Plaintiffs Fall Short of the Heightened Pleading Standards.

Claims that sound in fraud must meet heightened pleading requirements.  *See Williamson v. Allstate Ins. Co.*, 204 F.R.D. 641, 645 (D. Ariz. 2001) (applying Fed. R. Civ. P. 9(b) to the Arizona Consumer Fraud Act).  Plaintiffs fail to plead their fraud claims with the specificity required under the Federal Rules.

To satisfy the heightened pleading requirements in this Court, a plaintiff must allege (1) "the time, place, and specific content of the false misrepresentation" and (2) "the identities of the parties to the misrepresentation."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  As the Ninth Circuit has clarified, to state a fraud-based claim, a plaintiff must allege "the who, what, when, where, and how of the misconduct charged." *See Silvas v. GMAC Mortg., LLC*, No. CV-09-265-PHX-GMS, 2009 U.S. Dist. LEXIS 118854, at *21 (D. Ariz. Nov. 30, 2009). Plaintiffs fall woefully short of this standard.

---

[6]   Plaintiffs' claim for "intentional misrepresentation" is simply a purported fraud claim by another name.  This claim is distinguished from a claim for negligent misrepresentation because it alleges knowledge of the falsity of the alleged misrepresentation.  *See GemCap Lending I, LLC v, Quarles & Brady, LLP*, No. 17-56514 U.S. App. LEXIS 27400 (9th Cir. 2019) ("The elements of negligent misrepresentation are the same as those for intentional misrepresentation, except that a lower standard than knowledge of falsity applies") (citations omitted).

LEGAL02/39308772v2

Plaintiffs allege that "GCU represented…that GCU doctoral programs can be completed in 60 credit hours[.]" (Compl. ¶ 119).  But Plaintiffs do not allege when and where this statement was made, or who made the statement (including which Defendant).  Without more, Plaintiffs' claim must fail.  *See Silvas*, 2009 U.S. Dist. LEXIS 118854, at *21 (dismissing fraud claim when complaint did not specify when and how alleged statements were made).

**B.      Plaintiffs Fail to Allege an Actionable False Statement.**

Even if Plaintiffs allegations satisfied Rule 9(b)'s heightened pleading standards (which they do not), the alleged representations do not support a claim for fraud, intentional misrepresentation, or negligent misrepresentation.

Plaintiffs allege that GCU misrepresented that its "doctoral programs can be completed in 60 credit hours" (Compl. ¶¶ 111, 119) even though it is "impossible" to do so (Compl. ¶¶ 32, 113, 122).  Not so.  GCU does not guarantee students that they will necessarily earn their degrees within 60 credit hours.  Rather, a student must complete at *least* 60 credit hours to earn a degree; but many students will require more.  *See supra* 11–12; *see also* Hall Decl. at Tab 3, p. 186.  There is no relief for those who simply fail to read their contracts.  *Emp. Painters' Trust v. J & B Finishes*, 77 F.3d 1188, 1192 (9th Cir. 1996) (holding that a party who signs a written agreement is bound by its terms, even though the party does not read the agreement).  The fact that Plaintiffs, for any number of individualized circumstances, did not fulfill the degree requirements in 60 credit hours has no bearing on the veracity of GCU's representations about what the fastest track to a degree looks like.  *See, e.g., Murphy v. Capella Educ. Co.*, 589 F. App'x 646, 648 (4th Cir. 2014) (affirming dismissal of fraud-based

LEGAL02/39308772v2

claims brought against school by plaintiff who failed examinations when he "[did] not allege with particularity that anyone at Capella assured him he would pass such examinations, that he would complete the program in a certain period of time, or that statements in the published materials . . . made any such representations.").

The fraud-based claims should also be dismissed to the extent they are based in part on alleged representations that constitute non-actionable puffery or unfulfilled promises. Plaintiffs allege, for example, that GCU falsely "promises" to be the "premier provider of online doctoral education." (Compl. ¶ 49). Laudatory statements like this are not the sort of empirically verifiable statement that can be affirmatively disproven as they are generated by opinion. To be misleading, a statement must be capable of objective verification. *Hutton v. McDaniel*, 264 F. Supp. 3d 996, (D. Ariz. 2017). Moreover, Arizona courts have explained, that in order to constitute actionable fraud, the false representation must be of a matter or fact which exist and cannot be predicated upon the mere expression of an opinion. *Cheatham v. ADT Corp.,* 161 F. Supp. 3d. 815, 827 (D. Ariz. 2016) (quoting *Law v. Sidney*, 53 P.2d 64, 66 (Ariz. 1936)). Indeed, mere puffing does not constitute legal fraud. *See Eclectic Props. East. LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 1000 (9th Cir. 2014). Because Plaintiffs do not allege Defendants made any statements that were actually misleading or could be justifiably relied upon, the Court should dismiss the fraud-based claims.

### C.    The Statute of Limitations Bars the Consumer Fraud Act Claim.

The statute of limitations for claims under the Arizona Consumer Fraud Act is one year. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1046 (9th Cir. 2011) (affirming dismissal of ACFA claims barred by one-year statute of limitations). Although

LEGAL02/39308772v2

statute of limitations is an affirmative defense, the Court may address it on a Rule 12(b)(6) motion when it is apparent from the face of the complaint that the claim is time-barred. *Supermail Cargo, Inc. v. United States*, F.3d 1204, 1207 (9th Cir. 1995).  Plaintiff Carr signed her Enrollment Agreement with GCU in 2012, and Plaintiff Stanton signed his Enrollment Agreement in 2014.  *See* Hall Decl. at Tabs 1–4.  And the Jane Doe plaintiffs allege they have each taken at least nine continuation courses, indicating they have been enrolled at GCU for multiple academic years.   Accordingly, each Plaintiff was in a position to know far earlier than one year ago that—given the pace of his or her personal degree track—he or she would require more than 60 total credits to earn a degree.  Thus, their claims are barred by the statute of limitations.

## V.     PLAINTIFFS FAIL TO STATE A CLAIM FOR UNJUST ENRICHMENT.

In Count V, Plaintiffs assert a claim for unjust enrichment. (Compl. ¶¶ 137–46).  To state a claim for unjust enrichment, Plaintiffs must allege that no valid contract exists between the parties and: "(1) the plaintiff conferred a benefit on the defendant; (2) defendant's benefit is at plaintiff's expense; and (3) it would be unjust to allow defendant to keep the benefit."  *In Re Ariz. Theranos, Inc., Litig.*, 256 F. Supp 3d 1009, 1034 (D. Ariz. 2017) (quoting *USLife Title Co. of Arizona v. Gutkin*, 732 P.2d 579, 584 (Ariz. Ct. App. 1986)).  Here, Plaintiffs cannot state a claim for unjust enrichment because: (i) Plaintiffs' relationships with GCU are governed by a valid contract; and (ii) Plaintiffs have failed to allege the "absence of a justification" for the alleged enrichment to Defendants.

///

///

**A.**   ***Plaintiffs Cannot State a Claim for Unjust Enrichment Because a Valid Contract Exists.***

Where there is an express contract, there can be no recovery based upon an unjust enrichment theory. *See Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 408–09 (9th Cir. 1992) (dismissing unjust enrichment claim when relationship was governed by a valid contract). That is precisely the case here. The relationship between Plaintiffs and GCU is governed by valid, enforceable Enrollment Agreements. And because Plaintiffs' unjust enrichment claim relates to tuition paid to GCU for coursework, it clearly falls within the terms of those contracts. Hall Decl. at Tab 1, p. 8; Tab 2, p. 6; Accordingly, Plaintiffs' unjust enrichment claim fails as a matter of law.

Plaintiffs attempt to save their unjust enrichment claim by purporting to assert it only as an alternative to the claim for breach of contract. (Compl. ¶ 137). This attempt, however, is unavailing. While a claim for unjust enrichment may be pleaded as an alternative to a claim for breach of contract in some instances, when there is no dispute as to the existence of a valid contract, a claim for unjust enrichment must be dismissed. *See Sutter Home Winery, Inc.*, 971 F.2d at 408–09. Clearly, there is no dispute as to the existence of a contract as Plaintiffs concede that they "have contracted [with GCU] for educational services." (Compl. ¶ 89). Plaintiffs further acknowledge that they entered into a "student agreement," which they also refer to throughout the complaint as the "Enrollment Agreement" (Compl. ¶¶ 98, 107), and that they "chose to enroll" in a GCU doctoral program, (Compl. ¶ 112, 121). Because there is no dispute that a valid contract exists, Plaintiffs' unjust enrichment claim must be dismissed.

LEGAL02/39308772v2

**B.**     *Plaintiffs Fail to Allege GCU Received a Benefit Without Justification.*

Plaintiffs' claim for unjust enrichment must also be dismissed because Plaintiffs fail to allege that GCU's receipt of tuition payments for continuation courses was unjustified or otherwise improper.  To state a claim for unjust enrichment, a plaintiff must plausibly allege that retention of a benefit would be unjust.  *See Arnold & Assocs., Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1024 (D. Ariz. 2003).

While Plaintiffs claim that GCU is receiving certain benefits "without justification," Plaintiffs cannot point to any facts to support this assertion.  (Compl. ¶ 144).  Rather, Plaintiffs rely on vague and conclusory allegations that "Defendants' conduct is improper and/or illegal," that GCU "received and retained wrongful benefits and funds" and that it would be "inequitable for [GCU] to be permitted to retain the benefits they have received . . . by improper handling of their research continuation courses."  (Compl. ¶¶ 139, 140, 144).  But as explained above, Plaintiffs acknowledge GCU's program requirements and tuition in their respective enrollment agreements.  (Compl. ¶¶ 20–25).  Accordingly, by Plaintiffs' own allegations, GCU's receipt and retention of tuition funds for classes the Plaintiffs voluntarily enrolled in was not "without justification," (Compl. ¶ 144), but expressly permitted by the governing enrollment agreements.  Because Plaintiffs cannot allege that Defendants were enriched "without justification," their unjust enrichment claim must be dismissed.  *See Arnold & Assocs., Inc.*, 275 F. Supp. 2d at 1024 (unjust enrichment claim dismissed when benefits conferred were permitted by governing contract).

///

## VI.   PLAINTIFFS' TORT CLAIMS ARE BARRED BY THE ECONOMIC LOSS RULE.

Arizona courts have adopted the economic loss rule and have consistently confirmed that "the contract law policy of upholding the parties' expectations favor limiting the [plaintiffs'] claims to those in contract." *Cook v. Orkin Exterminating Co., Inc.*, 227 Ariz. 331, 335–36, 258 P.3d 149, 153–54 (Ariz. Ct. App. 2011)[7]. Under the economic loss rule, a contracting party is limited "to contractual remedies for the recovery of economic losses unaccompanied by physical injury to persons or other property." *Flagstaff Affordable Housing Ltd P'ship v. Design Alliance, Inc.*, 223 Ariz. 320, 223 P.3d 664, 667 (Ariz. 2010) (holding that contracting parties are limited wholly to their contractual remedies for purely economic loss related to the subject of the parties' contract). Notably, when the economic loss rule applies, a plaintiff's tort claims are wholly barred. *Cook*, 258 P.3d at 154 ("Because the plaintiffs are seeking remedies for purely economic loss from defendant's alleged failure to adequately perform its promises under the Agreement, the ELR bars their tort claims.").

Moreover, this Court has already affirmed "that *Cook* controls" cases like this one. *Del Mar Land Partners, LLC, v. Stanley Consultants, Inc.*, No. CV-11-8013-PCT-PGR, 2012 U.S. Dist. LEXIS 40447 at *7 (D. Ariz. 2012) (analyzing plaintiff's claims for breach of contract, negligent misrepresentation, fraud, and unjust enrichment arising out of contracts for consulting services and dismissing fraud claim "as being barred by the economic loss

---

[7] In *Cook*, the Arizona Court of Appeals rejected plaintiffs' claims that they were induced to enter a contract with the defendant based on its negligent misrepresentations and concluded that the economic loss doctrine wholly barred their fraud and misrepresentation claims because plaintiffs were seeking remedies for purely economic loss from the defendant's failure to adequately perform its promises under the contract. *Cook*, 258 P.3d at 54.

LEGAL02/39308772v2

doctrine.").  Because valid and enforceable contracts exist between GCU and Plaintiffs, Arizona law properly limits the available remedies to those outlined in the contractual agreement.  The economic loss rule applies, so Plaintiffs' tort claims for consumer fraud, intentional misrepresentation, negligent misrepresentation, and unjust enrichment are wholly barred and should be dismissed.

## VII. PLAINTIFFS FAIL TO STATE A CLAIM FOR DECLARATORY JUDGMENT.

Plaintiffs seek Declaratory Judgment in Count V, requesting a declaration that unspecified contract provisions are unenforceable, claiming GCU "bur[ied] purported contractual provisions that make it as difficult, dangerous, and costly as possible for students to obtain relief from Defendants' exploitive practices" (Compl. ¶¶ 148, 157).  But Plaintiffs never identify the "contractual provisions" to which they are referring.  Plaintiffs allege that unidentified provisions are "invalid" and "unenforceable," yet nowhere do they identify the language purportedly at issue.  Furthermore, Plaintiffs offer no concrete basis to claim unenforceability, relying instead on a litany of vague assertions and conclusory allegations that unspecified provisions "violate federal and state laws and regulations." (Compl. ¶ 154).[8]

---

[8]   Plaintiffs contend GCU is prohibited from enforcing arbitration agreements as a result of the Borrower Defense Regulations.  Those regulations do not affect Plaintiffs' claims.  The definition of "borrower defense claim" in the Regulations "includ[es] a claim **other than one** based on § 685.222(c) or (d)." 34 C.F.R. § 685.300(i)(1) (emphasis added).  Section 685.222(c) includes breach of contract claims in which the student alleges that the school "failed to perform its obligations under the terms of a contract with the student," and § 685.222(d) includes a claim involving a "substantial misrepresentation" "that the borrower reasonably relied on…when the borrower decided to attend" the school.  Plaintiffs' claims fall under these exceptions. *See* Grand Canyon University, Inc. and Grand Canyon Education, Inc.'s Memorandum in

LEGAL02/39308772v2

Plaintiffs' allegations are no more than an impermissible shotgun pleading that cannot establish a plausible claim for relief.  *See Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss.)  Accordingly, their declaratory judgment claim should be dismissed.

Plaintiffs' claim for declaratory judgment should also be dismissed because Plaintiffs do not allege a reasonable expectation that the injury they have suffered will continue or will be repeated in the future. *See San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) (when a plaintiff seeks declaratory relief there is a further requirement that they show a very significant possibility of future harm). To bring a declaratory judgment action, Plaintiffs must allege a risk of continued or repeated harm in the future.  Plaintiffs make no such allegations.  They do not allege they are unable to obtain their desired degrees, or that they are experiencing continuing harm as a result of any actions by Defendants.  There is no future conflict that Plaintiffs' claim for a declaratory judgment seeks to remedy, so the claim must be dismissed.

## CONCLUSION

For these reasons, Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and the Court should grant Defendants' Motion.

///

///

///

///

LEGAL02/39308772v2

1

DATED this 15th day of October, 2019.

2

3

ALSTON & BAIRD, LLP

4

By: /s/ Derin B. Dickerson
    Derin B. Dickerson (admitted pro hac vice)

5

    Katie Jo Luningham (pro hac vice application
    forthcoming)

6

7

By: /s/ Yusra Bokhari
    SCHERN RICHARDSON FINTER, PLC

8

    Michael A. Schern #022996

9

    Yusra B. Bokhari #029376

10

11

*Attorneys for Defendants*

12

13

14

15

16

17

18

19

20

21

22

23

24

LEGAL02/39308772v2

# CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Rule 12.1(c), undersigned counsel hereby certifies that Defendants' counsel Derin Dickerson and Yusra B. Bokhari conferred by written notice of the issues with Plaintiffs' counsel G. Franklin Lemond, Jr. on October 15, 2019, in a good-faith attempt to resolve the issues raised in Defendants' Motion to Dismiss Plaintiffs' Complaint. During this meet-and-confer, Defendants' counsel explained the grounds supporting their positions but were unable to reach an agreement with Plaintiffs' counsel to resolve the issues raised in Defendants' Motion to Dismiss filed on October 15, 2019.

*/s/ Derin Dickerson*
Derin Dickerson

*/s/ Yusra B. Bokhari*
Yusra B. Bokhari

ORIGINAL of the foregoing electronically filed
this this 15th day of October, 2019, with:

Clerk of the United States District Court using
the CM/ECF System for filing and transmittal of a
Notice of Electronic Filing to the following:

Jonathan A. Dessaules
David E. Wood
Ashley C. Hill
DESSAULES LAW GROUP
5353 N. 16th Street., Suite 110
Phoenix, Arizona 85016
jdessaules@dessauleslaw.com
dwood@dessauleslaw.com
ahill@dessauleslaw.com


E. Adam Webb
G. Franklin Lemond, Jr.
WEBB, KLASE & LEMOND, LLC
1900 The Exchange, S.E., Suite 480
Atlanta, Georgia 30339
Adam@WebbLLC.com
Franklin@WebbLLC.com



  /s/ Ann Bernzen_____