**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eileen Carr, et al., | No. CV-19-05214-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Grand Canyon University Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion to Recuse Judge Michael T. Liburdi Pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. (Doc. 13). Pursuant to 28 U.S.C. § 144, this Court was randomly drawn to decide the portion of the Motion that pertained to 28 U.S.C. § 144. (Doc. 23).

## I. BACKGROUND

Plaintiffs filed their Complaint on September 18, 2019, which was randomly assigned to United States District Court Judge Michael T. Liburdi. (Docs. 1, 3). On October 15, 2019, Defendants filed a Motion to Dismiss (Doc. 8) and a Motion to Compel Arbitration (Doc. 9), both of which are still pending. On October 29, 2019, Plaintiffs filed the pending Motion to Recuse (Doc. 13), which was accompanied by an Affidavit of Plaintiff Eileen Carr ("Carr Affidavit"). (Doc. 14). Judge Liburdi denied the Motion to Recuse as it pertained to 28 U.S.C. § 455 ("Section 445"), and pursuant to 28 U.S.C. § 144 ("Section 144"), referred, by random draw, the remaining recusal issues to this Court. (Docs. 21, 23).

## II.    LEGAL STANDARD

Plaintiffs seek recusal of Judge Liburdi under Section 144 and Section 445.  Section 144 provides a procedure for a party to recuse a judge. Section 455 imposes an affirmative duty upon judges to recuse themselves. Under both statutes, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993); *see also United States v. Conforte*, 624 F.2d 869, 880 (9th Cir. 1980).   This objective inquiry is concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *Conforte*, 624 F.2d at 881.

Section 144 "expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).  If the judge to whom the motion is directed finds that the party has satisfied that procedural requirement, "the motion must be referred to another judge for a determination on the merits." *Id*.  An affidavit filed pursuant to Section 144 is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source. *See United States v. Azhocar*, 581 F.2d 735, 738-40 (9th Cir. 1978).   However, courts must keep in mind that "a judge has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'" *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

## III.    DISCUSSION

Judge Liburdi determined that Plaintiffs had satisfied the timeliness and procedural requirements of Section 144.  (Doc. 21 at 12).  Accordingly, this Court must determine the merits of Plaintiffs' arguments pursuant to Section 144.   The gravamen of Plaintiff's Motion to Recuse is that Judge Liburdi's impartiality might reasonably be questioned because he formerly worked for Governor Ducey who has an alleged relationship with

Defendants. Plaintiffs' claims are wholly unfounded. Judicial impartially is presumed and Plaintiffs have not presented sufficient evidence to satisfy their "substantial burden" of showing otherwise. *Hollingsworth v. Diaz*, 2019 WL 3064477, at *1 (C.D. Cal. June 19, 2019); *see also First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000).

Plaintiffs' Motion and the Carr Affidavit are replete with speculation and conjecture, but noticeably absent are facts and evidence. For example, Plaintiffs speculate that Judge Liburdi is "close professionally – and almost certainly personally – with Defendants and their senior executives" because he was formally employed by Governor Ducey in a legal capacity. (Doc. 13 at 2). Yet, Plaintiffs provide no evidence of a relationship—professional or otherwise—between Judge Liburdi and Defendants. Rather, Plaintiffs state, without support, that "Judge Liburdi has been 'tied at the hip' with Governor Ducey who, in turn, has been 'tied at the hip' with Defendants." (*Id.* at 1). Additionally, Plaintiffs list a series of interactions between Governor Ducey and Defendants. (*Id.* at 2-4). Thus, Plaintiffs are asking this Court to infer that Judge Liburdi must have had a "close" professional and personal relationship with Defendants simply because his former employer had or has one. The Court does not find such inferences reasonable or warranted. *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1178–79 (9th Cir. 2005) (finding recusal is not warranted when the party relies on "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; . . . [or] mere familiarity with the defendant(s) . . .").

Similarly, Plaintiffs provide that "Judge Liburdi is undoubtedly very close to, and is also professionally indebted to, Governor Ducey[]" and that "[i]t can certainly be reasonably inferred that Judge Liburdi owes his current position to the Governor." (Doc. 13 at 5). The Court disagrees. Importantly, Governor Ducey is not a named party, nor is he mentioned anywhere in the Complaint. (Doc. 1). Aside from citing to Judge Liburdi's former representation of Governor Ducey during his 2014 campaign for governor and as general counsel from January 2015 to 2018, Plaintiffs offer no evidence to support

their allegation that Judge Liburdi is professionally indebted to Governor Ducey, let alone that he has a close relationship with Governor Ducey. Moreover, Plaintiffs do not explain how such a relationship would result in the appearance of partiality in this matter. Plaintiffs have not established that Judge Liburdi's former employment with Governor Ducey would lead "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned" in this case. *Yagman*, 987 F.2d at 626.

Despite claiming that "they are not alleging any impropriety on the part of Judge Liburdi;" Plaintiffs imply that Judge Liburdi is financially motivated to issue rulings that favor Defendants. Plaintiffs state that "[i]t must also be noted that, in an uncanny coincidence, Judge Liburdi's wife is the General Counsel of a for-profit holding company[, BASIS.ed,] that operates dozens of charter schools around the country, including over 20 in the State of Arizona." (Doc. 13 at 5). Similarly, the Carr Affidavit provides that "[s]ince [BASIS.ed] - like Grand Canyon Education - is a for-profit educational holding company, it relies almost exclusively on public funds. . . . Thus, it appears Judge Liburdi's personal finances may benefit from rulings in Grand Canyon's favor." (Doc. 14 ¶16). Although inflammatory and salacious, these allegations are also wholly unsupported. Plaintiffs do not cite a single fact that gives rise to a financial advantage that Judge Liburdi could have if this case were to be resolved in favor of Defendants.

Nothing in Plaintiffs' Motion for Recusal, nor the Carr Affidavit demonstrates a reasonable basis for recusal of Judge Liburdi. "[E]xcept in the most unusual circumstances . . . judges [are trusted] to put their personal feelings aside, [and] recusal must be limited to truly extraordinary cases where . . . the judge's views have become 'so extreme as to display clear inability to render fair judgment.'" *Cobell v. Kempthorne*, 455 F.3d 317, 332 (D.C. Cir. 2006) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)). As such, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (citing *In re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir.), *cert. denied*, 368 U.S. 927 (1961)); *Cobell v. Norton*, 237 F. Supp. 2d 71, 102 (D.D.C. 2003) ("It is,

admittedly, a tempting prospect for the Court to contemplate recusing itself, given the hundreds of judicial hours that this case has consumed, and the innumerable antagonisms it has fostered. . . .  But the Court would be abdicating its judicial responsibilities, were it to do so.").  Accordingly,

**IT IS ORDERED** that the portion of the Plaintiffs' Motion to Recuse filed pursuant to 28 U.S.C. § 144 (Doc. 13) that was referred to this Court is **DENIED**.

Dated this 7th day of November, 2019.

Honorable Diane J. Humetewa
United States District Judge